NOT FOR PUBLICATION                    (Docket Entry Nos. 24, 25, 26, 32, 33)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                               :
MARTHA STILL,                  :
                               :
          Plaintiff,           :    Civil No. 02-3550 (RBK)
                               :
     v.                        :    OPINION
                               :
JBC ASSOCIATES, P.C., MARVIN   :
BRANDON, Esq., and JOHN DOE    :
(One through One Hundred),     :
                               :
          Defendants.          :
_____:
```

**KUGLER**, United States District Judge:

      This consolidated civil action arises out of a collection letter from and phone calls by defendants JBC Associates, P.C. ("JBC") and Marvin Brandon, Esq. to plaintiff Martha Still, whose personal check to Toys 'R' Us had been dishonored for lack of funds.  Still, who filed both an individual complaint and a separate class complaint, alleges that the letter and phone calls violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, & 1692g, and the New Jersey Consumer Fraud Act.[1]  This matter comes before the

---

[1] Still's individual complaint does not specify the section(s) of the Consumer Fraud Act that were allegedly violated, but rather invokes "N.J.S.A. 56:8-1 et seq." generally. In addition, Still invokes 18 U.S.C. § 1341, under which mail fraud is a federal crime, in her individual complaint; however, that statute does not appear to grant her a private, civil right
(continued...)

Court upon the following motions:

        1.    Defendants' motion for summary judgment;

        2.    Still's motion for class certification; and

        3.    Still's motion for partial summary judgment as to (a) liability on the class complaint and (b) Counts One and Two of her individual complaint.

For the reasons that follow, (1) defendants' motion for summary judgment will be denied; (2) Still's motion for class certification will be denied; and (3) Still's motion for partial summary judgment will be (a) granted in part as to her claim under § 1692e(10) in Count One of her individual complaint, and (b) denied in part as to liability on the class complaint and the remainder of Still's claims in Counts One and Two of her individual complaint.

**I.**        **FACTUAL BACKGROUND**

On August 10, 2001, Still paid for merchandise at Toys 'R' Us with a personal check for $137.78. Still's bank returned the check to Toys 'R' Us, citing insufficient funds in Still's account.

Defendants JBC and Brandon are debt collectors as defined by 15 U.S.C. § 1692a(6). On August 31, 2001, JBC and

---

[1](...continued)
of action.

Brandon caused a collection letter to be printed and mailed to Still.  The letter bore Brandon's stamped signature and provided, in relevant part:

> Pursuant to New Jersey Statutes Annotated 2A:32A-1, you have 35 days from the receipt of this letter to pay the full amount of each check and a service charge of $25.00 per check for a total payment of $162.78.  If you do not make payment within 35 days after the date this notice was received, you may be sued to recover payment.  If a judgement(s) [sic] is rendered against you in court, it will include not only the original face amount of each check and the service charge for each check, but also additional liquidated damages equal to triple the amount of each check or One Hundred Dollars ($100.00) per check, whichever is greater, provided the total damages recovered do not exceed by more than Five Hundred Dollars ($500.00) the amount of each check, plus mailing costs, court costs and attorney's fees after suit has been filed.
>
> Please remit $162.78 payable to JBC & Associates, P.C. or our client . . . .

Still alleges that similar letters "have been sent to hundreds, if not thousands, of consumers in New Jersey."  (Class Compl. ¶ 25.)

Brandon, an attorney who has been an associate of JBC's Bloomfield, New Jersey office since 2002, certified:[2]

All collection letters, during the relevant

---

[2] Brandon also certified that Jack Boyajian, Esq. is the owner and sole shareholder of JBC.  Although defendants' motion for summary judgment references a "Boyajian Certification," such certification is not among the documents filed by the defendants in this Court.

> time of Plaintiffs' complaint, utilized by this office for distribution in the State of New Jersey were reviewed by myself and approved prior to them being sent. These letters contain my stamped signature which is done with my approval indicating that the letters have been reviewed and approved.

Maureen Hyams, Manager of Check Services for Toys 'R' Us, certified:

> It is the policy of Toys 'R' Us, Inc. that each of our branch stores is to have, prominently displayed, at each register or in a conspicuous place by the entrance and/or exit of each store, a notice to our customers stating that in the event they write a check to pay for items purchased, and that check is returned for whatever reason, the customer will be charged a fee for these returned checks. . . . To the best of my knowledge, each store in the Toys 'R' Us chain contains such a notice.

**II.      ANALYSIS**

Summary judgment is only appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Summary judgment may not be granted

4

whether there is "a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed."  See Nathanson v. Med. Coll. of Penn., 926 F.2d 1368, 1380 (3d Cir. 1991).

    A.    **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        1.    **Count One**

Count One of Still's individual complaint claims that the collection letter's "false representation as to the provisions of N.J.S.A. 2A:32A-1" violated 15 U.S.C. §§ 1692e and 1692f.[3]

Citing Hyams's certification that Toys 'R' Us places a conspicuous sign in each store warning customers that dishonored checks will be subject to returned check fees, defendants argue that Still entered into an implied contract with Toys 'R' Us when she tendered the check.  Because the $25.00 fee was thus, according to the defendants, "permissible pursuant to an agreement," defendants argue that all claims asserted by Still in

---

[3] Section 1692e(2)(A) prohibits, inter alia, the false representation of the amount of any debt.  Section 1692e(2)(B) prohibits, inter alia, the false representation of the compensation which may by lawfully received by any debt collector for the collection of a debt.  Section 1692e(10) prohibits, inter alia, the use of any false representation or deceptive means to collect or attempt to collect any debt.  Section 1692f(1) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Count One "must fail."[4]

### a.   § 1692f

Regarding her claim under § 1692f(1), which prohibits the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law," Still argues that there is a genuine issue as to whether the $25.00 fee was "expressly authorized by the agreement creating the debt or permitted by law." (Pl.'s Mem. Resp. Summ. J. at 5.) Thus, says Still, defendants' motion for summary judgment as to this claim must fail.

Because neither party cites New Jersey law that expressly permits or expressly prohibits the fee at issue, this Court assumes that New Jersey law is silent on the matter. See also N.J.S.A. § 2A:32A-1 (neither expressly permitting nor prohibiting the fee at issue).

In Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000), the Third Circuit quoted Tuttle v. Equifax Check, 190 F.3d 9 (2d Cir. 1999): "'If state law neither affirmatively permits nor expressly prohibits service charges, a service charge

---

[4] Defs.' Mem. Supp. Cross-Mot. Summ. J. (lacking page numbers). Defendants' summary judgment motion appears to refer to the individual complaint filed by Still on July 25, 2002 rather than the class complaint filed by Still on August 28, 2002, as the motion refers to a "Count Four" not contained in the class complaint.

6

can be imposed only if the customer expressly agrees to it in the contract.'" Pollice, 225 F.3d at 408 (quoting Tuttle, 190 F.3d at 13). Therefore, defendants' imposition of the $25.00 fee in this case did not violate § 1692f(1) only if Still "expressly agreed" to the fee.

In Pollice, the Third Circuit addressed express agreement: "Although the agreement need not be in writing, we believe the term 'expressly authorized by the agreement creating the debt' requires some actual knowledge by the consumer during the course of the transaction which gives rise to the debt." Pollice, 225 F.3d at 408. "For example, [a debt collector] may collect a service charge on a dishonored check based on a posted sign on the merchant's premises allowing such a charge, if he can demonstrate that the consumer knew of the charge." Id. (quoting Tuttle, 190 F.3d at 15).

In Tuttle, the Second Circuit held that a reasonable jury could find actual knowledge based on evidence of "two posted notices at [the] counter notifying customers of the service charge, one of which was quite large," along with the plaintiff's testimony that he "had seen similar signs in other stores." Tuttle, 190 F.3d at 15. Here, the defendants have produced evidence of a Toys 'R' Us policy that notices of returned check fees must be prominently displayed in each store (see Hyams Cert. ¶ 2), and evidence that each Toys 'R' Us store contains such a

7

notice (see id. ¶ 3).  Thus, based on the record before this Court, along with the holdings of Tuttle and Pollice, a reasonable jury might infer that Still had actual knowledge of the potential returned check fee.  However, it might also permissibly infer that Still did not see the notice (or that the particular Toys 'R' Us patronized by Still did not contain such a notice), and thus that Still did not have actual knowledge.  Viewing the inferences to be drawn from the record in the light most favorable to Still, see United States v. Diebold, Inc., 369 U.S. 354, 355 (1963), this Court cannot find that defendants have demonstrated the absence of a genuine issue as to Still's actual knowledge of a potential fee, a material fact as to her claim under § 1692f(1).  Therefore, defendants' motion for summary judgment will be denied as to the § 1692f(1) claim in Count One.

### b. § 1692e

Because defendants have not established the absence of a genuine issue as to Still's knowledge of a potential fee, they have not established the absence of a genuine issue as to the "mutual agreement" needed to form an implied contract.  See In re Penn. Cent. Transp. Co., 831 F.2d 1221, 1228 (3d Cir. 1987).  Because the existence of an implied contract forms the basis for defendants' summary judgment motion as to the § 1692e(2)(A) and (B) claims in Count One, defendants' motion for summary judgment will be denied as to those claims.

Regarding her claim under § 1692e(10), Still responds that the issue "is not whether Toys 'R' Us might legitimately seek to collect a return check fee by defendants in their form letter, but whether the New Jersey statute cited [in the letter] authorizes such a fee," (Pl.'s Mem. Resp. Defs.' Cross-Mot. at 2), and whether the collection letter misrepresented the statute.

> It is the intentional misrepresentation of the statutory remedy which constitutes the violation of the [FDCPA].  Whether or not the service charge was "expressly authorized" by the plaintiff is <u>irrelevant</u> to the . . . issue of whether or not the misrepresentation on the face of the letter constitutes a statutory violation under . . . § 1692e(10).

(<u>Id.</u> at 3.)  Because defendants' argument does not address Still's theory that the collection letter violated § 1692e(10) by misrepresenting the provisions of N.J.S.A. § 2A:32A-1, defendants have not made a prima facie showing that they are entitled to summary judgment as to that claim.  <u>See</u> <u>Celotex</u>, 477 U.S. at 331.  Therefore, defendants' motion for summary judgment will be denied as to the § 1692e(10) claim in Count One.

### 2.   **Counts Three and Four**

Counts Three and Four allege that the collection letter and phone calls violated § 1692e(5) in their threats to sue Still, as any such lawsuit "was not intended to be taken, nor authorized [by Toys 'R' Us] to be taken . . . ."  (Compl. ¶ 10b.)  Defendants argue that they are entitled to summary judgment on Counts Three and Four because Still's complaint as to "the manner

9

in which JBC Associates operates their office has no foundation in either fact or law." Defendants' argument, which addresses whether JBC is in fact a law firm, does not address the allegations that a potential lawsuit was neither intended by the defendants nor authorized by Toys 'R' Us. Therefore, defendants' motion for summary judgment will be denied as to Counts Three and Four

### 3. Class Complaint; Remaining Counts of Individual Complaint

Defendants' summary judgment motion does not specifically address any of the other counts of the individual complaint or the class complaint; to the extent the motion is directed to the remaining counts, summary judgment for the defendants on those counts will be denied.

### B. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Still moves, pursuant to Federal Rule of Civil Procedure 23, to certify a class of "all New Jersey residents who, during the one year prior to the filing of this action and for an indefinite period thereafter, received a form letter or letters from Defendants substantially in the form of [the collection letter received by Still]." She argues that the letters "violated and continue to violate the FDCPA" by: (1) "misrepresenting state statutory law" and (2) "misrepresent[ing] . . . by implication that the communication is sent . . . by an attorney who has reviewed the letter and personally signed or

authorized his signature . . . ." (Still's Mem. Supp. Class Cert. at 2.) Still claims that the proposed class satisfies the requirements of Rule 23(a) and (b)(3). (Id. at 7.)

### 1. **Standard for Class Certification**

>   (a)  One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
>   (b)  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> . . .
>
>>   (3)  the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23.

### 2. Class Certification

Still argues that this case meets all of the requirements of Rule 23(a) for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, Still argues, citing Rule 23(b)(3), that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Because there are hundreds, if not thousands, of individual class members within the state of New Jersey, Still has demonstrated numerosity. See Eisenberg v. Gannon, 766 F.2d 770, 785-86 (3d Cir. 1985) ("The allegation of more than 90 geographically dispersed plaintiffs met the numerosity requirement . . . ."). Because there are many issues of law and fact common to the class, including whether the letters violate the FDCPA by misrepresenting New Jersey law and the sender's identity,[5] Still has demonstrated commonality. See, e.g., Piper v. Portnoff Law Assocs., No. Civ. A. 03-2046, 2003 WL 21395615 (E.D. Pa. June 10, 2003) (holding that dispute over whether form letter violated FDCPA satisfied commonality requirement). Defendants do not dispute Still's satisfaction of the numerosity and commonality elements.

Because Still's "essential legal claim" (that

---

[5] See Pl.'s Mem. Supp. Class Cert. at 17.

12

defendants' form collection letter misrepresents New Jersey law and the sender's identity, thereby violating the FDCPA) and the "factual matrix that suggests this claim" (the form letter itself) are the same as those of all plaintiffs in the proposed class, Still has demonstrated typicality.  See Weiss v. York Hosp., 745 F.2d 786, 810 (3d Cir. 1984).  Defendants argue that Still has not shown typicality because she neither paid the returned check fee nor returned the merchandise she bought with the check; however, without any argument as to how either of these facts are relevant to Still's legal theories, defendants' argument is unpersuasive.  See Keele v. Wexler, 149 F.3d 589, 593-94 (7th Cir. 1998) (holding in context of FDCPA class certification that payment of collection fee is irrelevant to typicality).

     Because Still has shown that her attorneys are qualified, experienced, and generally able to conduct this litigation, and because Still shares the class interest in establishing that defendants' form collection letter violates the FDCPA, Still has demonstrated adequacy of representation.  See In re Prudential Ins. Co. of Am. Sales Practices Litig., 148 F.3d 283, 312 (3d Cir. 1998).  Defendants do not challenge the qualifications of Still's counsel.  Their argument that adequacy would require Still to have paid the returned check fee is, again, unpersuasive without argument as to the impact that this

13

fact might have on her legal theories.

Thus, Still has established the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy of representation. As to the Rule 23(b)(3) elements of whether common questions of law or fact predominate over individual questions, and whether a class action is a superior method of adjudication of this controversy, Still argues – at least as to her claims that the collection letters misrepresent New Jersey law and the sender's identity – that "[t]here are no individual questions, other than whether a class member received one of the offending letters." (Class Compl. ¶ 27.) Still points out that "[t]he interest of class members in individually controlling the prosecution of separate claims against defendant[s] is small because the maximum damages in an individual action are $1,000," and because many recipients of the form letter "have no knowledge that their rights are being violated by illegal collection practices." (Id. at ¶ 29.) There is no evidence that any litigation concerning this controversy, other than Still's individual complaint, has already commenced; further, there is no evidence that this forum is an undesirable one for the concentration of this litigation, or that the management of this class action would present any particular difficulties. Thus, and in light of defendants' failure to challenge these assertions, this Court holds that Still has met the requirements

of Rule 23(b)(3).

Because the proposed class meets the requirements of Rule 23(a) and (b)(3), the class is suitable for certification. However, "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1)(A). In appointing class counsel, the court must consider "the work counsel has done in identifying or investigating potential claims in the action" and "the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C)(i). Plaintiff's counsel has provided no evidence thereof. Cf. Lindsay Cert. ¶¶ 6-7 (providing evidence of counsel's experience in handling class actions and claims of the type asserted in the action, and of counsel's knowledge of the applicable law, but not of other Rule 23(g)(1)(C)(i) factors). Because this Court is required to consider such evidence before appointing class counsel, this Court cannot now appoint class counsel. Because this Court cannot certify the class without appointing class counsel, Still's motion for class certification must be denied at this time.

**C.     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Still moves for partial summary judgment as to (1) Counts One and Two of her individual complaint, and (2) liability on the class complaint. Defendants did not oppose Still's motion for partial summary judgment.

15

### A. INDIVIDUAL COMPLAINT: COUNTS ONE AND TWO

Citing <u>Avila v. Rubin</u>, 84 F.2d 222 (7th Cir. 1996), and <u>Clomon v. Jackson</u>, 988 F.2d 1314 (2d Cir. 1993), Still argues that she is entitled to summary judgment on Counts One and Two because "[i]t is acknowledged that neither Brandon nor any other attorney personally reviewed or signed the specific preprinted form letter sent to Still . . . ." (Pl.'s Mem. Supp. Summ. J. at 7, citing Boyajian Deposition.) However, defendants' evidence directly contradicts this assertion. <u>See</u> Brandon Cert. ¶ 5 ("All collection letters, during the relevant time of Plaintiff's complaint, utilized by this office for distribution in the State of New Jersey were reviewed by myself and approved prior to them being sent."). Because Still has thus not established the absence of a genuine issue of material fact, and because Counts One and Two do not, in any case, address whether or not the collection letter was actually reviewed and sent by Brandon, Still's argument does not demonstrate that she is entitled to summary judgment on Counts One and Two.

The collection letter sent to Still provided that:

> Pursuant to New Jersey Statutes Annotated Section 2A:32A-1, you have 35 days from the receipt of this letter to pay the full amount of each check <u>and a service charge</u> of $25.00 per check for a total of $162.78. . . . If a judgment is rendered against you in court, it will include not only the original face amount of each check <u>and the service charge</u> for each check, but also additional liquidated damages equal to triple the amount

>            of each check or One Hundred Dollars
>            ($100.00) per check, whichever is greater.
>            (emphasis added)

However, section 2A:32A-1 does not in fact obligate a customer whose check is dishonored to pay a service charge in addition to the face amount of the check within 35 days of a demand for payment. Still argues that there is, therefore, "no genuine issue of fact regarding the liability of the defendants based upon the mailing of the letter." (Still's Mem. Supp. Mot. Summ. J. at 12.)

For a debt collector to represent that a service charge is authorized under state law when state law does not in fact provide such authorization is a violation of section 1692e(10), which prohibits the use of "any false representation or deceptive means to collect or attempt to collect any debt." See 15 U.S.C. § 1692e(10); Ballard v. Equifax Check Servs., Inc., 158 F. Supp. 2d 1163, 1176 (E.D. Cal. 2001). Defendants have provided no evidence or argument that N.J.S.A. 2A:32A-1 in fact authorizes the service charge. Therefore, Still's motion for summary judgment will be granted as to defendants' liability on the § 1692e(10) claim in Count One of her individual complaint. However, because Still's motion does not address the substance of Count Two, i.e., whether the collection letter's omission of reference to subsection (d) of N.J.S.A. § 2A:32A-1 violated §§ 1692e and 1692f, her motion for summary judgment will be denied

17

as to Count Two of her individual complaint.

**B.    CLASS COMPLAINT: LIABILITY**

Because a class has not yet been certified, Still's motion for summary judgment of liability on the class complaint will be denied.

**III.    CONCLUSION**

Defendants' motion for summary judgment will be denied. Still's motion for class certification will be denied. Still's motion for partial summary judgment will be granted in part and denied in part. The accompanying Order shall enter today.


Dated:    June 3, 2005            /s/ Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge

18